# EXHIBIT B

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
| --- |

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
| --- | --- | --- |
| 70 Huntington Street, New London 06320 | ( 860 ) 443 – 5363 | 01/20/2026 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
| ☐ Housing Session | ☐ Number: | **New London** | Major: **T** | Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
| --- | --- |
| **Claggett, Sykes & Garza, LLC, 76 Batterson Park Road, Suite 301, Farmington, CT 06032** | **445635** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
| --- | --- |
| ( 860 ) 471 – 8333 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* **service@csgtrials.com** |
| --- | --- |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
| --- | --- | --- |
| **First plaintiff** | Name: **Kimberly Pavlinsky** Address: **120 Stollman Road, Colchester, CT 06415-1032** | P-01 |
| **Additional plaintiff** | Name: Address: | P-02 |
| **First defendant** | Name: **Amazon.com, Inc. 410 Terry Avenue North, Seattle, Washington 98109** Address: **A/F/S: Corporation Service Company. Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103** | D-01 |
| **Additional defendant** | Name: **Amazon.com Sales, Inc., 410 Terry Avenue North, Seattle, Washington 98109** Address: **A/F/S: Corporation Service Company. Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103** | D-02 |
| **Additional defendant** | Name: **Amazon.com Services, LLC, 410 Terry Avenue North, Seattle, Washington 98109** Address: **A/F/S: Corporation Service Company. Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103** | D-03 |
| **Additional defendant** | Name: Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
| --- | --- | --- | --- |
| 11/24/2025 | | ☐ _____ Clerk | **Andrew B. Ranks, Esq.** |

| If this summons is signed by a Clerk: | *For Court Use Only* |
| --- | --- |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
| --- | --- | --- | --- |

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

Page 2 of 2

RETURN DATE: JANUARY 20, 2026 : SUPERIOR COURT

PAVLINSKY, KIMBERLY : J. D. OF NEW LONDON

V. : AT NEW LONDON

AMAZON.COM, INC. ET. AL. : NOVEMBER 24, 2025

## COMPLAINT

**FIRST COUNT:** **Kimberly Pavlinsky v. Amazon.com, Inc.; Amazon.com Sales, Inc.; Amazon.com Services, LLC (Product Liability - C.G.S. § 52-572m)**

1. At all times mentioned herein, the Plaintiff, Kimberly Pavlinsky, was a resident of Colchester, Connecticut.

2. On or about November 24, 2023, the Plaintiff, Kimberly Pavlinsky, was at her residence at 120 Stollman Road in Colchester, Connecticut, cooking using her Instant Pot.

3. On or about November 24, 2023, the Defendants, Amazon.com, Inc.; Amazon.com Sales, Inc.; and Amazon.com Services, LLC (collectively hereinafter "Amazon") was a foreign business registered and duly authorized to do business in Connecticut, formed under laws of Delaware, with a principal place of business in the state of Washington.

4. Defendant Amazon markets, imports, distributes, and sells a variety of consumer products through their online website.

5. At all times mentioned herein, the defendant, Amazon, was a product seller engaged in the business of marketing, importing, distributing and the sale of the subject "Instant Pot Duo 7-in-1" (hereafter referred to as "Instant Pot" or "the Pot"), Model #IP-

- 1 -

**CLAGGETT, SYKES & GARZA, LLC**
76 Batterson Park Road, Suite 301 | Farmington, CT 06032 | Telephone: 860.471.8333 | Juris No. 445635

DUO60 V2, which was sold to the Plaintiff on November 25, 2016, and subsequently caused the Plaintiff's injuries and damages.

6. The Plaintiff was seriously injured by the Instant Pot marketed, imported, distributed, and sold by Amazon; and manufactured, constructed, imported, and distributed by Instant Brands, LLC, Instant Brands, Inc., and/or Corelle Brands, LLC.

7. On November 24, 2023, the Plaintiff was cooking turkey soup using the Instant Pot. While waiting for it to reach pressure, she noticed steam coming out through the metal cylinder on top and that the metal cylinder (the "float valve") had not popped up.

8. The Plaintiff understood that when the float valve is popped up, it indicates that the Instant Pot is under pressure. Conversely, that when the float valve is not popped up, the Instant Pot is not under pressure.

9. The Instant Pot User Guide (the "Guide"), linked under the defendant's product listing, affirms this notion. The Guide provides a danger warning asserting that where the float valve is up, it indicates that the appliance is still pressurized. This warning comes almost immediately after the introductory table of contents and is preceded by a bolded red w warning symbol, demonstrating its importance.

10. The Guide further states that the float valve "provides a visual indication of pressure within the cooker" and indicates that the Pot is pressurized when the float valve is "visible and flush with the lid" whereas it is unpressurized if the float valve is "sunken" inside the lid.

11. The User Guide continues to make similar assurances throughout the document's entirety. It contains additional red bolded danger warnings that alert the consumer that while the valve is still up, the contents within the Pot are under "extreme pressure"

- 2 -

and instruct the user to not attempt to remove the lid until "all pressure [is] released, and float valve [is] down."

12. Additionally, the Instant Pot Safety Information document assures that once the Instant Pot is pressurized, the lid will "automatically lock" and prevent the Instant Pot from being opened.

13. The assurance that the Instant Pot lid will automatically lock when pressurized is not limited to the Safety Information document, rather, the User Guide explicitly sets forth "[o]nce enough steam has built up inside the inner pot, the float valve pops up and locks the lid of the cooker in place for safe pressure cooking."

14. Moreso, the defendant's website listing of the Instant Pot states "Proven Peace of Mind: Features over 10 safety mechanisms, including overheat protection, an easy seal safety lid lock, and more to keep cooking worry-free" in the product description. It also provides a note from the manufacturer that touts that the Instant Pot contains "10+ Built In Safety Features" including "[o]verheat [p]rotection and safe locking lid."

15. The pressurized Pot failed to properly seal and lock. The Plaintiff, trusting these assurances, attempted to verify the status of the Instant Pot. The Instant Pot lid was able to be rotated and opened while it was highly pressurized despite the aforementioned statements. As a result, the boiling liquid inside the Instant Pot shot out and landed over the Plaintiff's body, specifically, on her leggings, burning her pants into her body.

16. The Plaintiff suffered serious and substantial burns to her lower extremities as a direct and proximate result of the Instant Pot's failure to effectively lock the lid when

- 3 -

pressurized, permitting the pressurized nature of the pot to forcefully eject scalding contents from the pressure cooker when opened.

17. The subject Instant Pot possesses serious and unreasonably dangerous defects that pose a significant risk of bodily harm and injury to its consumers notwithstanding the defendant's claims of "safety mechanisms" for "peace of mind" while cooking.

18. At all times relevant herein, the Plaintiff was operating the Instant Pot in a safe, prudent and careful manner as intended and designed to be used.

19. The Plaintiff used the Instant Pot for the intended purpose of preparing herself a meal, as she had regularly done for eight years prior to the incident.

20. The Defendant has failed to adequately address these defects despite knowing the significant danger posed by their product, instead, they willfully chose to ignore the risk and continued in the businesses of selling the Instant Pot to consumers. This is best illustrated given that Instant Pot pressure cookers, including the specific model in this matter, have been recalled numerous times; in 2015 and in 2018; in both the U.S. and Canada, with the Consumer Product Safety Commission's most recent investigation being as recent as 2020.

21. Accordingly, the Defendant's representations and assurances regarding the safety of the Instant Pot were not merely incorrect or misinformed, rather, they were blatantly and egregiously wrong – putting countless consumers, such as the Plaintiff, at risk for substantial harm.

22. The defendant is strictly liable and legally responsible to the Plaintiff pursuant to C.G.S. § 52-572m for the Plaintiff's injuries and losses caused by the defective design, manufacturing, development and placing into the stream of commerce the Instant Pot,

- 4 -

which was unreasonably dangerous for its foreseeable users because of the following design and manufacturing defects each of which was a substantial contributing factor of the occurrence in question, in one or more of the following ways:

a. IN THAT prior to November 24, 2023, when the Instant Pot was sold or placed into the stream of commerce by the defendant, it was in a defective condition unreasonably dangerous to consumers, including Kimberly Pavlinsky; and/or

b. IN THAT the Instant Pot was placed into the stream of commerce by the defendant with the expectation that it would reach consumers without substantial change in condition, and, as of November 24, 2023, there had been no substantial change in the condition of the Instant Pot; and/or

c. IN THAT on November 24, 2023, the Instant Pot was in a defective condition unreasonably dangerous to Kimberly Pavlinsky in one or more of the following ways: (i) it was designed, manufactured, distributed, or sold with defective measures and locks such that it would be prone to being easily opened with normal force while the unit remained pressurized; (ii) it was improperly designed, manufactured, distributed, or sold such that the faulty float valve and safety lock made it more prone to malfunctions; (iii) it was improperly designed, manufactured, distributed, or sold without sufficient and proper warnings for consumers.

23. As a result of the defective condition of the Instant Pot, it improperly opened causing Kimberly Pavlinsky to be significantly burned causing the following painful, disabling, and permanent injuries for which the defendant is responsible:

a. Second degree burn on her left thigh;

b. Second degree burn on her right thigh;

c. Left thigh pain;

d. Right thigh pain;

e. Left thigh scarring;

f. Right thigh scarring;

g. Right thigh hot and burning sensation; and

h. Left thigh hot and burning sensation.

- 5 -

**CLAGGETT, SYKES & GARZA, LLC**
76 Batterson Park Road, Suite 301 | Farmington, CT 06032 | Telephone: 860.471.8333 | Juris No. 445635

24. The defective product marketed, imported, distributed and sold by the defendant was a substantial factor in causing the Plaintiff's injuries.

25. As a further result of said incident, the Plaintiff, Kimberly Pavlinsky, suffered and will continue to suffer in the future physical pain and mental anguish.

26. As a further result of said incident, the Plaintiff has incurred and will likely incur in the future expenses for medical care and treatment, medication, and medical supplies, all to her financial detriment.

27. As a further result of the aforesaid incident and the injuries and effects thereof, the Plaintiff has been unable to perform her normal occupational duties as she did prior to the incident and has lost income from her employment and her earning capacity may have been permanently impaired.

28. The Plaintiff brings this action pursuant to C.G.S. § 52-572m.

**SECOND COUNT**: **Kimberly Pavlinsky v. Amazon.com, Inc.; Amazon.com Sales, Inc.; Amazon.com Services, LLC (Punitive Damages Pursuant to 52-240b)**

1. – 28. Paragraphs 1 through 28 of the First Count are hereby incorporated and made corresponding paragraphs of this Second Count as if fully set forth herein.

29. Amazon's violations of the Connecticut Products Liability Act were committed with reckless disregard for the safety of its product users, such as the Plaintiff and as a direct and proximate consequence of Amazon's reckless disregard for the safety of the Plaintiff, Plaintiff is entitled to punitive damages.

30. Accordingly, the Plaintiff seeks and is entitled to compensatory, consequential, and punitive damages in an amount to be determined at trial.

- 6 -

**CLAGGETT, SYKES & GARZA, LLC**
76 Batterson Park Road, Suite 301 | Farmington, CT 06032 | Telephone: 860.471.8333 | Juris No. 445635

WHEREFORE, the Plaintiff claims:

1. Monetary damages;

2. Punitive damages as to Count Two, pursuant to C.G.S. § 52-240b;

3. Attorneys' fees as to Counts One through Two pursuant to C.G.S. § 52-240a; and

4. Such other legal and equitable relief as the Court deems proper.

THE PLAINTIFF,
KIMBERLY PAVLINSKY

BY: _____

Andrew B. Ranks, Esq.
Claggett, Sykes & Garza, LLC
76 Batterson Park Road, Suite 301
Farmington, CT 06032
Tel.: (860) 773-4549
Juris No.: 445635

- 7 -

**CLAGGETT, SYKES & GARZA, LLC**
76 Batterson Park Road, Suite 301 | Farmington, CT 06032 | Telephone: 860.471.8333 | Juris No. 445635

RETURN DATE: JANUARY 20, 2026     :     SUPERIOR COURT

PAVLINSKY, KIMBERLY     :     J. D. OF NEW LONDON

V.     :     AT NEW LONDON

AMAZON.COM, INC. ET. AL.     :     NOVEMBER 24, 2025

## STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed are greater than Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

THE PLAINTIFF,
KIMBERLY PAVLINSKY

BY: _____
Andrew B. Ranks, Esq.
Claggett, Sykes & Garza, LLC
76 Batterson Park Road, Suite 301
Farmington, CT 06032
Tel.: (860) 773-4549
Juris No.: 445635

- 8 -